In the Matter of DONALD T. KILEY, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, March 4, 1965.

*Henry Weiner* (*Walter H. Schulman* with him on the brief), attorney for petitioner.

*George A. Barron* (*John Wilkinson* with him on the brief), attorney for respondent.

*Per Curiam.* The respondent was admitted to practice in the First Department in January, 1956. He had graduated *cum laude* at the head of his law school class in June, 1955. Upon the evidence, it appears that he was a brilliant law student and is a lawyer of exceptional ability. In September, 1956, he became associated with and in January, 1957, became a partner of his older brother in a law firm practicing in this Department, to

wit, Kiley & Kiley. The professional misconduct charged against the respondent arises from the activities of said firm in their negligence practice.

Following an extended hearing, the Referee duly reported that five charges of professional misconduct were sustained, including charges (Nos. 1 and 2) that false medical bills and/or reports of injuries were submitted to liability insurers in connection with the claims of five personal injury claimants represented by Kiley & Kiley. It appears that the respondent personally participated in the handling by his firm of these claims, but the Referee has found that the submission of the bills and reports were without actual knowledge on the part of respondent of their falsity. The Referee, however, states that "the law does not permit a partner in a law firm, who has actively participated in the various claims, to slough responsibility. Although not knowingly guilty, respondent was negligent in failing to uncover the irregularities." We agree with these conclusions of the Referee. (See *Matter of Gladstone*, 16 A D 2d 512, 516, and cases cited; *Matter of Mogel*, 18 A D 2d 203.)

Also sustained by the Referee were the following charges, viz., (No. 3) violation of rule IV (subd. [1], par. [a]) of Part 4 of the rules of this court regulating conduct of attorneys, in the failure to file statements of retainer between January 1, 1957 and July 1, 1960 in the cases of 397 personal injury claimants represented by Kiley & Kiley on a contingent basis; (No. 4) violations of rule IV (subd. [2], par. [a]) of Part 4 of the special rules of this court, in the failure, during the period January 1, 1957 to January 1, 1960, to file closing statements in the cases of 87 personal injury claims which were settled by Kiley & Kiley and wherein their legal fees were payable on a contingent fee basis; (No. 5) the compromise of 20 personal injury claims of infants without procuring a court order approving the settlements and the fees of Kiley & Kiley. ( See rule VI.)

The failure to comply with the rules of this court with reference to the filing of statements of retainer and closing statements constitutes professional misconduct. (See *Matter of Wysell*, 10 A D 2d 199; *Matter of Lemkin*, 17 A D 2d 550; *Matter of Ander*, 22 A D 2d 14; *Matter of Corsover*, 22 A D 2d 127.) Also, the failure to obtain judicial approval for the compromise of infants' claims is serious professional misconduct. (See *Matter of Feldman*, 17 A D 2d 553; *Matter of Gladstone, supra*; *Matter of Reisler*, 20 A D 2d 315.)

The evidence amply supports the findings and report of the Referee, and his report with reference to the foregoing charges should be in all respects confirmed.

Charge No. 6 charged the respondent and his firm with the failure to maintain a special bank account for the deposit of settlement funds and the commingling of clients' funds with personal funds of the attorneys. The Referee found that the charge was not sustained. The evidence, however, satisfactorily establishes that in the partnership practice funds received in the settlement of claims for personal injury claimants were deposited in the personal bank accounts of the attorneys; and the charge is sustained to the extent that the respondent and the partnership of Kiley & Kiley failed to maintain a special bank account for the deposit of settlement funds as required by rule IV (subd. [4], par. [a]) of the special rules of this court. This constituted professional misconduct (see *Matter of Brown,* 16 A D 2d 519; *Matter of Reisler, supra; Matter of Fata,* 22 A D 2d 116; *Matter of Ander, supra*).

Clearly, the charges, as sustained, and in their cumulative effect, represent serious professional misconduct and, unless there are mitigating circumstances of an exceptional nature, disbarment of the respondent would be justified in the interest of maintaining the integrity of the profession and for the protection of the public. The Referee, however, reports that he does "strongly commend to the court the mitigating circumstances * * * and the persuasive evidence as to respondent's good character." The mitigating circumstances found by the Referee consist of the inexperience of the respondent in the practice of law in the negligence field, his reliance upon the practice, methods and experience of his older brother who had been engaged for some time in such practice and who was the senior member of the firm, the lack of knowledge on the part of the respondent of the falsity of medical bills and reports submitted to liability insurers; and, in general, the Referee has found that the conduct of the respondent in the matters charged was that of passive nonfeasance rather than active and knowing wrongdoing.

The respondent presented most persuasive evidence of his general good character and reputation by the testimony of four Justices of the Supreme Court, a Judge of the Criminal Court, the dean of the law school from which he was graduated, the dean and a professor at the law school where the respondent was employed as an associate professor of law for one year from 1962 to 1963, and of other highly reputable and well-regarded persons in the community.

The Referee's report is in all respects confirmed except as hereinbefore stated. Bearing in mind the mitigating circumstances and the persuasive evidence of respondent's general

good reputation, and considering that he is still a young man (35 years of age) with a potential for valuable service to the public as a lawyer, but with due regard to the serious nature of the professional misconduct involved, considered cumulatively, we have concluded that the respondent should be suspended for two years. (See *Matter of Feldman, supra*; *Matter of Reisler, supra*; *Matter of Mogel, supra*; *Matter of Sacks,* 21 A D 2d 483.)

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Respondent suspended for a period of two years.